IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.C.N. DEVELOPMENT, LLC, a Colorado limited liability company,<br><br>              Plaintiff,<br><br>    v.<br><br>CIRBY DEVELOPMENT CORPORATION, a California corporation; YOUNG-INGEMANSON, a California general partnership; 1017 J STREET ASSOCIATES, a California general partnership; and MOUNTAIN VIEW HOLDINGS, LLC, a Nevada limited liability company,<br><br>              Defendants. | NO. CIV. S-05-0659 GEB (DAD)<br><br>ORDER |

        Pending are two motions to expunge a lis pendens that B.C.N. Development, LLC ("BCN") recorded against a parcel of real property located at 1023 J Street in Sacramento, California ("Property"). Cirby Development Corporation ("Cirby") and Young-Ingemanson, a California general partnership; 1017 J Street Associates, a California general partnership; and Mountain View Holdings, LLC (collectively "Young-Ingemanson") each move to expunge BCN's lis pendens. BCN counters that the lis pendens ensures that BCN would be able to obtain

specific performance of a land purchase agreement for the sale of the Property between Cirby and BCN ("Cirby/BCN Purchase Agreement"), which BCN contends obligates Cirby to sell the Property to BCN after Cirby acquires title to the Property from Young-Ingemanson.

Young-Ingemanson's motion seeks to have the lis pendens expunged based on its contention, inter alia, that BCN's Complaint does not plead a "real property claim," as that term is defined in the California Code of Civil Procedure. Young-Ingemanson argues that BCN cannot seek specific performance of the Cirby/BCN Purchase Agreement because there is no contractual privity between Young-Ingemanson and BCN and BCN's interest in the Property is contingent on Young-Ingemanson selling the property to Cirby. BCN responds that it is entitled to specific performance of the Cirby/BCN Purchase Agreement because the Cirby/BCN Purchase Agreement imbues BCN with the same equitable interest in the Property that Cirby possesses.

Cirby's motion to have the lis pendens expunged is based on the argument that BCN cannot show by a preponderance of the evidence that Cirby breached the Cirby/BCN Purchase Agreement. Specifically, Cirby contends that BCN materially breached the Cirby/BCN Purchase Agreement when it failed to release funds deposited in escrow. BCN responds that Cirby waived this breach.

**ANALYSIS**

I.  *The Lis Pendens*

> The authorization to file a notice of lis pendens is found in section 405.20 of the Code of Civil Procedure. In pertinent part it provides: "A party to an action who asserts *a real property claim* may record a notice of pendency of action in which that real property claim is alleged." (Emphasis added.)
>
> "Real property claim" is defined in another statute of the same code, section 405.4, to mean

2

> "the cause or causes of action *in a pleading* which would, if meritorious, affect . . . title to, or the right to possession of, *specific* real property. . . . (Emphasis added.)
>
> As the emphasized words show, there is no entitlement to file a notice of lis pendens without a cause of action in a *pleading* that affects title to *specific* real property.

Gale v. Super. Ct., 122 Cal. App. 4th 1388, 1394 (2004).

As the California Supreme Court explained in Kirkeby v. Super. Ct., 33 Cal. 4th 642, 647 (2004), the question of whether BCN's Complaint states a real property claim centers on the adequacy of BCN's pleading allegations. In its Complaint, BCN seeks specific performance of the Cirby/BCN Purchase Agreement. (Compl. ¶¶ 39-43.)[1] The Complaint does not allege that Cirby owns the Property, or that BCN is a third-party beneficiary to the Cirby/Young-Ingemanson Purchase Agreement. (Compl. ¶¶ 10, 18.)

> It is apparent that [BCN's] insistence on [its] right to specific performance [in the Complaint is] premised on the principle that "[a]n unconditional contract for the sale of land, of which specific performance would be decreed, grants [BCN] equitable title, and equity considers [BCN] the [equitable] owner."

Rogers v. Davis, 28 Cal. App. 4th 1215, 1222 (1994)(citing Parr-Richmond Indus. Corp. v. Boyd, 43 Cal. 2d 157, 166 (1954)). But neither the Cirby/Young-Ingemanson Purchase Agreement nor the Cirby/BCN Purchase Agreement is an unconditional contract to sell the Property. "An obligation is conditional, when the rights or duties of any party thereto depend upon the occurrence of an uncertain event." Cal. Civ. Code § 1434. The Cirby/Young-Ingemanson Purchase Agreement

---

[1] BCN also seeks declaratory and injunctive relief, but these requests are subsumed in the analysis of whether BCN has pled a real property claim.

3

is "expressly conditioned upon" Cirby's approval of the Property. (Compl. ¶ 11, Exh. 1 § 4.2.1.)  Furthermore, the Cirby/BCN Purchase Agreement states, "Seller's obligation to sell the Property to Purchaser, and Purchaser's right to purchase the Property from Seller, are each subject to, and conditioned upon, Seller's purchase of the Property prior to the Closing Deadline, or the Extended Closing Deadline." (Compl. ¶ 12, Exh. 2 § 6.01.3).  The Complaint does not allege that either condition has been satisfied or waived.  Because of the contingent nature of the conditional purchase agreements for the Property, the allegations in BCN's Complaint are insufficient to state a claim affecting "title to, or the right to possession of, [the Property]."  Cal. Civ. Proc. Code § 405.4(a).

Therefore, Young-Ingemanson's motion to expunge the lis pendens is granted.[2]

II.  *Attorneys' Fees*

Young-Ingemanson also moves for attorneys' fees pursuant to California Civil Procedure Code section 405.38.  Under section 405.38, Young-Ingemanson is entitled to recover attorney fees unless BCN "acted with substantial justification or . . . other circumstances make the imposition of attorney's fees and costs unjust."  Id. § 405.38.  Since BCN failed to plead an enforceable equitable interest in the Property against Young-Ingemanson, BCN was not justified in clouding title to Young-Ingemanson's Property.  See BGJ Assocs. v. Super. Ct., 75 Cal. App. 4th 952, 969 (1999) (noting that the recording of a lis pendens "places a cloud upon the title of real property").

---

[2] Because of this ruling, Cirby's motion need not be decided and is deemed withdrawn.

4

Therefore, Young-Ingemanson's request for reasonable attorneys' fees incurred in connection with its motion to expunge lis pendens is granted.

IT IS SO ORDERED.

Dated:  June 24, 2005

<u>/s/ Garland E. Burrell, Jr.</u>
GARLAND E. BURRELL, JR.
United States District Judge